■ JOSEPH DILENA et al., Respondents, v IRVING REISMAN IRREVOCABLE TRUST et al., Appellants. (And a Third-Party Action.) [692 NYS2d 370] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about December 15, 1998, which, to the extent appealed from, as limited by defendants' brief, granted plaintiffs' motion for an order precluding defendants' expert from testifying at trial, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiffs' motion to preclude unless defendants submit a copy of the "recorded history and physical examination", referred to in Dr. John Edoga's letter of June 8, 1998, to plaintiffs and defendants pay plaintiffs' attorney $1,000, both within 30 days of this Court's order, and otherwise affirmed, with costs to plaintiffs payable by defendants.

Defendants' claim that plaintiffs' motion to preclude was untimely was not raised before the motion court and as a consequence is not preserved for appellate review. Defendants' contention that the two-page letter from their examining physician dated June 8, 1998 fully comports with the requirements for medical reports set forth in 22 NYCRR 202.17 (b) (1) is belied by the text of the letter, which clearly indicates that the letter was simply a cover for an enclosed "copy of the recorded history and physical examination"—the document that defendants failed to disclose to plaintiffs. While the letter produced by defendants was clearly deficient and their explanation for failing to provide their physician's actual medical report is suspect, it would appear that defendants can be afforded a last opportunity to make the required disclosure in advance of trial without prejudicing plaintiffs and we accordingly exercise our discretion to afford them that opportunity as an alternative to the preclusion of their examining physician's testimony.

Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.